UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

CARY COSGROVE,

       Petitioner,

v.                                                       Case No. 2:16-CV-7

SHANE PLACE,                         HON. GORDON J. QUIST

       Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On March 10, 2016, Magistrate Judge Greeley issued a Report and Recommendation (R & R) recommending that the Court deny Petitioner's petition for writ of habeas corpus because it is barred by the one-year statute of limitations in 28 U.S.C. § 2254(d)(1)(A). The magistrate judge concluded that the one-year limitations period expired on December 26, 2013. (ECF No. 9 at PageID.53.) The magistrate judge also concluded that Petitioner is not entitled to equitable tolling because he alleged no facts or circumstances in his petition that would warrant equitable tolling. (*Id.* at PageID.54.) Finally, the magistrate judge concluded that Petitioner failed to establish actual innocence. (*Id.*)

Petitioner has filed an appeal, which the Court construes as an Objection to the R & R, and has included an affidavit explaining his innocence.

After conducting a *de novo* review of the R & R and Petitioner's Objection and affidavit, the Court concludes that the R & R should be adopted.

Petitioner does not contest the magistrate judge's conclusion that the one-year limitations period expired on December 26, 2013, nor does he argue that he is entitled to equitable tolling. Instead, Petitioner argues that his affidavit establishes that he is actually innocent. Petitioner is

wrong. Petitioner's affidavit merely states Petitioner's version of events—evidence that Petitioner possessed at the time he pled guilty. Petitioner's evidence is not "new evidence [that] shows 'it is more likely than not that no reasonable juror would have convicted [him].'" *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1933 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S. Ct. 851, 868 (1995)). Petitioner's affidavit does not meet this standard.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued March 10, 2016 (ECF No. 9) is **APPROVED AND ADOPTED** as the Opinion of this Court. Petitioner's Objection (ECF No. 14) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED** because it is barred by the one-year statute of limitations.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Reconsideration of the Magistrate Judge's March 16, 2016 Order denying Petitioner's Motion to Appoint Counsel, Petitioner's Motion for Hearing, and Petitioner's Motion to Produce Supplies and Copies (ECF Nos. 12–14) are **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED**.

This case is **concluded**.

Dated: April 19, 2016 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE